**Dennis McNAMARA, Plaintiff,**

v.

**CITY OF CHICAGO, William Olsen, and Fred Rice, individually and officially, Defendants.**

**No. 87 C 509.**

United States District Court, N.D. Illinois, E.D.

July 29, 1988.

John L. Gubbins, for plaintiff.

Arthur Christie, Judson H. Miner, Sharon L. Tiller, Asst. Corp. Counsel, Terence Moran, Asst. Corp. Counsel, Judson H. Miner, Corp. Counsel, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Plaintiff, Dennis McNamara, a Chicago Police officer, brings a two-count amended complaint against the City of Chicago, the police superintendent, and the commander of the police district to which he was formerly assigned. Count I alleges various actions taken by the defendants violated his First and Fourteenth Amendment rights. *See* 42 U.S.C. § 1983. Count II alleges a pendent state law claim of tortious interference with contractual relations. Plaintiff filed the original complaint in this case in January, 1987. Defendants moved to dismiss, the motion was fully briefed, and the court granted the motion with leave to file an amended complaint. *See McNamara v. City of Chicago*, No. 87–509, slip op. (N.D.Ill. January 20, 1988) (*"Order"*). The court reserved ruling on several arguments raised by defendants. Subsequently, plaintiff filed an amended complaint, and defendants again move to dismiss, incorporating the arguments

raised in their original motion. For the following reasons, the motion is denied.

On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.,* 788 F.2d 411 (7th Cir.1986). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.,* 795 F.2d 591, 594 (7th Cir.1986).

The facts of this case are set out in the *Order.* They are briefly summarized as follows. In Count I of his complaint, plaintiff alleges that he received two "transfers," which were *de facto* demotions, as a result of his political associations and exercise of free speech rights. He alleges that he was transferred from the Neighborhood Relations Division of the 25th District to patrol duty in that district in retaliation for inviting political opponents of the then mayor of Chicago to the "Break–Out Olympics," a youth program plaintiff initiated. He further alleges that he was transferred from the 25th District to the 15th District in retaliation for a speech he gave at the Break–Out Olympics criticizing the police department. In Count II of his complaint, plaintiff claims that defendants harassed his secondary employer, causing his termination, and that defendant's therefore tortiously interfered with plaintiff's employment contract.

The court found plaintiff's original complaint defective because mere reassignment for political association is not actionable. While a simple reassignment in retaliation for the exercise of free speech rights may be actionable if the speech is of public concern, *see McGill v. Board of Education of Pekin Elementary School,* 602 F.2d 774 (7th Cir.1979), plaintiff did not identify speech which allegedly motivated the retaliatory action, nor did he allege that the speech was of public concern.

■ Plaintiff's amended complaint cures those defects. It alleges that the transfers were *de facto* demotions because they offered the same pay and seniority but dramatically less desirable working conditions. The court takes these factual allegations as true for the purposes of this motion. If a plaintiff can demonstrate that he received the substantial equivalent of dismissal in retaliation for his political affiliation, he has an actionable claim. *Rutan v. Republican Party of Illinois,* 848 F.2d 1396 (7th Cir.1988). This circuit has held that pleading denial of a transfer or promotion on account of political affiliation is not, as a matter of law, inadequate to state a claim of constructive discharge. *Id.* at 1408–09.[1] Certainly a demotion can be as detrimental to an employee as denial of a promotion.

■ Furthermore, plaintiff alleges that he was transferred in retaliation for his speech. Even if the political association claim were inadequate, plaintiff's allegation that his second transfer was in retaliation for his speech at the Break–Out Olympics is plausible. Given the limited evidence presented thus far, the court is not prepared to hold as a matter of law that plaintiff's speech was not a matter of public concern. The court is skeptical that there was any speech involved in the first transfer, but it need not reach that issue given plaintiff's claim of retaliation for political affiliation.

■ Since plaintiff's amended complaint has cured its original defects, the court will now rule on the other arguments originally raised by defendants. Defendants argue that plaintiff has failed to allege that defendants acted pursuant to an official policy or custom. *See Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978). However, a single act of a sufficiently high-ranking official establishes a policy. *St. Louis v. Praprotnik,* 481 U.S. ——, 108 S.Ct. 915, 924, 99 L.Ed.2d 107 (1988); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Where the final policymaking official acts in the area in which he is

---

1. The *Rutan* court, however, indicated that it would be difficult for a plaintiff to show that denial of promotion constituted constructive discharge.

authorized to act, municipal liability attaches. *Praprotnik*, 108 S.Ct. at 924. Whether a particular official has final policymaking authority is a question of state law. *Id.*

■ The amended complaint alleges defendant Fred Rice was the Superintendent of Police for the Chicago Police Department. He is responsible for the operation of the Department and has final authority regarding transfer, reassignment and demotion of Department employees. Ill.Rev. Stat. ch. 24, ¶ 3–7–3.2 (1987); *see also Auriemma v. City of Chicago*, 601 F.Supp. 1080 (N.D.Ill.1984). The amended complaint further alleges defendant Rice was the person who ordered all the actions taken against McNamara. Thus, under *Praprotnik*, the Amended Complaint alleges a municipal policy sufficient to impose liability against the City of Chicago.

The final issue is whether plaintiff's Count II states a claim. Defendants argue that the Amended Complaint does not substantively state a claim and is time-barred. The court rejects both these arguments.

Prior to November, 1986, Section 8–101 of the Tort Immunity Act ("the Act"), relied upon by defendants, provided that:

No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within two years from the date that the injury was received or the cause of action accrued.

Ill.Rev.Stat. ch. 85, § 8–101 (1985). However, the Act was amended and now provides for a one-year limitation period. 1986 Ill.Legis.Serv. 276 (West). This one-year limitation period does not apply to plaintiff's pendent state claim.

This Act takes effect 60 days after becoming a Law and Articles 1 and 3 through 6 apply only to causes of action accruing on or after such effective date
. . .

*Id.* at 356, Article 27, Section 1 of Act, as amended. The Act was approved on September 16, 1986 and took effect on November 23, 1986. January 22, 1987 is 60 days after November 23, 1986.

■ Plaintiff's cause of action accrued no later than the date of his discharge from his secondary employment. *See Fleming v. Kane County*, 116 F.R.D. 567, 576 (N.D. Ill.1987). Plaintiff alleges that he lost his secondary employment in January, 1986, well before January 22, 1987. Therefore, the two-year limitation period applies here, and plaintiff's action is not time-barred. The court need not address plaintiff's claim that the Act does not apply in this case, as defendants point to no other relevant statute of limitations which could bar plaintiff's action, and the Act does not time-bar plaintiff's claim even if it is applicable.

■ Defendant argues that the complaint fails substantively to state a claim for tortious inferference with a contract, because it never alleges that Sgt. Morales ever spoke to plaintiff's secondary employer or that he induced a breach of plaintiff's employment contract. Yet the complaint alleges that Sgt. Morales (acting on defendant Rice's instructions) spoke to plaintiff's secondary employer regarding an Internal Affairs Division investigation of plaintiff, and that this investigation was conducted to punish plaintiff for his political affiliation and speech. Furthermore, the complaint alleges that plaintiff's secondary employer terminated him after that conversation out of fear of police harassment. *Amended Complaint*, ¶¶ 21, 24, 25 and 26. Giving a generous reading to the complaint, the court concludes that plaintiff adequately alleges that defendants intentionally induced plaintiff's termination.

In sum, plaintiff has stated grounds upon which relief can be granted, construing the facts in his favor. Therefore, defendant's motion to dismiss is denied.

IT IS SO ORDERED.